Englert, Appellant, v. Beckman et ux.

Argued April 28, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*John A. Metz*, for appellant.—A claim against two persons cannot be set off or interposed as a defense in an action brought by one of them: Mintz v. Tri-County Nat. Gas Company, 259 Pa. 477; Titus v. Poland Coal Company, 263 Pa. 24.

*Elmer A. Barchfeld*, for appellee.—Where the cause of action, which the defendant would set off, arises from the same transaction on which the plaintiff found his action, it may be set off: North German Lloyd S. S. Co. v. Wood, 18 Pa. Superior Ct. 488; Andrews v. Blue Ridge Packing Co., 206 Pa. 370.

Per Curiam, July 10, 1930:

The court below refused to enter judgment for want of a sufficient affidavit of defense and from its order

discharging the rule, this appeal is taken. This was a suit to recover for taxes due on property purchased by the plaintiff from the defendants and for the payment of which the defendants were liable. There is no dispute as to the liability of the defendants, but they allege that the sale of the property of the defendants to the plaintiff, upon which it is alleged taxes are due, was an exchange of properties, and that the plaintiff did not deliver the property as he had bargained and owes for the rental of the property from the time he should have delivered it until the time he actually did.

The plaintiff replies that the counterclaim is against him and his wife and that it cannot be pressed in this suit because she is not in court. The lower court comments upon this as follows: "This is not a claim against the plaintiff and his wife in that sense. The claim is against the plaintiff. He agreed to deliver the property that he and his wife conveyed, on the first of August, under the terms of the written agreement, and the allegation of his failure to deliver at that time is a good allegation against him individually, and is not a counterclaim against him and his wife. If the defendants can sustain their allegation of the liability on the part of the plaintiff for use and occupation of the premises conveyed by him and his wife to the defendants, that is a good counterclaim against the plaintiff's suit, and there is no occasion to discuss the other items of the defendants' counterclaim." We take the same view.

The order appealed from is affirmed.